EASTERN DIST.
'May, 1839.

BACH vs. LAFAYETTE CITY COUNCIL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

BACH
vs.
LAFAYETTE
CITY COUNCIL.
13 549
119 860

A party performing his part of a contract, in good faith, will be allowed the full value of his performance, and such damages as he may sustain by a breach of the contract by the adverse party.

This is a suit for damages, for violation of a contract. It turns principally upon matters of fact. The council for defendants has urged, however, that they were never put in default according to law ; that plaintiff should have tendered to defendants such a bond as he deemed proper under the contract.

The agreement between the parties was the public adjudication made by the president of the Council of Lafayette, in pursuance of a resolution of the board, to the plaintiff, of the furnishing of a certain quantity of sand for paving.

The sand, by the terms of the resolution and advertisement, was to be delivered in such places, in the city of Lafayette, as the city surveyor should designate. The bidders, on the day of sale, were required to name the securities they intended to offer for the performance of the contract.

It appears from the evidence, that security was named by Mr. Bach; the surety, (whose sufficiency was not objected to) has given evidence of his willingness to have served.

The city authorities, through their secretary, drew up the written contract, and an obligation of suretyship referring to the contract. This paper was submitted to Mr. Bach, who had already made considerable progress in the execution of the contract, but discovering a clause restricting the time for the completion of the work, which restriction made no part of the ·conditions of the adjudication, refused to sign ; but required the contract to be drawn up anew, with the omission of the obnoxious clause. · The reply to this was, a resolution of the board of council requiring plaintiff to sign the contract,

EASTERN DIST.
May, 1839.

BACH
vs.
LAFAYETTE
CITY COUNCIL.

as prepared, in three days, or that another adjudication would take place at his expense ; in other words, a notification that the contract would be considered as forfeited.

The only question to be determined is, whether the defendants had the right, under the circumstances, to require the plaintiff's signature to the contract and bond which they had prepared.

It was decided they had not that right, and that they had been guilty of an active violation of the agreement, by doing and requiring something contrary to its spirit and meaning.

As to the amount which plaintiff is entitled to claim of defendants, it consists, 1st, in the value of the sand furnished by him, which, by the testimony of Mr. Buisson the surveyor, was two thousand and thirty-four cubic yards. The petition only claims two thousand cubic yards, which, at one dollar twelve and a half cents, amounts to two thousand two hundred and fifty dollars. In addition, one thousand dollars are claimed as damages. The profit which plaintiff would have made on the contract, is proved at six or seven thousand dollars. The claim must therefore be viewed as very moderate.

It was, accordingly, adjudged and decreed, that John M. Bach recover of the president and board of council of the city of Lafayette, three thousand two hundred and fifty dollars, with legal interest from the date of this judgment, and costs of suit.

The defendants appealed.

*Roselius,* for the plaintiff.

*M'Kinney,* for the defendants.

*Eustis, J.,* delivered the opinion of the court.

This case originated from a contract for the delivery of twelve thousand cubic yards of river sand, at the price of one dollar twelve and a half cents per cubic yard.

The contract is proved, and the plaintiff was not bound to sign a new contract, or a contract varying in its terms from the original one. The resolutions of the council, under con-

sideration, put the defendants in default; so that no notice or offer to perform was required on the part of the plaintiff.

It is proved by the testimony of the surveyor of the city of Lafayette, that two thousand and thirty-four cubic yards of sand were delivered by the plaintiff, at the place designated by the witness, and were measured by him, the witness, under an order of the council, as is proved by the testimony of the secretary.

The judgment of the court below allows the plaintiff the price of the sand delivered, and the sum of one thousand dollars damages. The claim for damages, we think, is established by the testimony of Mayfield.

The judgment of the District Court is, therefore, affirmed, with costs.